IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Seventeen South, LLC, and G.W. Myrtle Beach Development, LLC, | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No.: 4:13-CV-3119-MGL |
| v. | ) ) ) | |
| D.R. Horton, Inc., | ) ) | |
| Defendant. | ) ) | |

**DEFENDANT, D.R. HORTON, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO CANCEL *LIS PENDENS* AND TO DISMISS PLAINTIFFS' SECOND CAUSE OF ACTION**

COMES NOW the Defendant, D.R. Horton, Inc., ("DRH" or "Defendant"), which hereby submits this memorandum in support of its Motion to Cancel *Lis Pendens* and to Dismiss Plaintiffs' Second Cause of Action pursuant to Federal Rule of Civil Procedure 12(b)(6), S.C. Code Ann. § 15-11-10, *et seq.,* and South Carolina Local Rules 7.01, 7.04 and 7.05.

### INTRODUCTION AND PROCEDURAL BACKGROUND

Plaintiffs Seventeen South, LLC, and G.W. Myrtle Beach Development, LLC, ("Plaintiffs") have asserted the above captioned action for contract damages against DRH. According to the allegations of the Complaint, Plaintiffs and Defendant are successors to the signatories to a Reciprocal Easement and Right of Way Agreement ("the Agreement") dated September 16, 2005 between the Wizman Group, LLC, ("Wizman") and Rose Real Estate, Inc., ("Rose"). Docket Entry 1-1, pp. 13-23.

Plaintiffs maintain that the Agreement constitutes a contract between Plaintiffs and DRH. Docket Entry 1-1, p. 10 at ¶ 20.

DRH is the owner of approximately fifty-two (52) lots located in Horry County within a residential subdivision known as Ocean Walk. Ocean Walk actually consists of approximately sixty-five (65) residential lots, but thirteen (13) have been sold and conveyed to individuals as residences. Approximately half of the Ocean Walk lots are shown on a plat dated January 21, 2013 and recorded on or about February 7, 2013 with the Horry County Register of Deeds at Deed Book 257, Page 11. Exhibit A, Plat. The Ocean Walk subdivision is located in the vicinity of Highway 17 South ("Hwy 17"). Plaintiffs allege that they own several tracts of commercial property which adjoin Ocean Walk and separate it from Hwy 17.

A road known as Castle Harbor Drive extends from Hwy 17, between two of the commercial properties owned by Plaintiffs, and into Ocean Walk. The Agreement required Rose to construct a road at the location of Castle Harbor Drive on or before September 30, 2007. Docket Entry 1-1 at p. 14, ¶ 4(a). The Agreement provided that "on or before December 31, 2008, ROSE, its successors or assigns, shall design and construct the acceleration/deceleration lanes within the right-of-way of U.S. Highway No. 17 South into the DEVELOPMENT as may be required by the appropriate agencies or departments of Horry County or SCDOT." *Id.* at ¶ 4(c).

DRH purchased the parcel of land which has now been subdivided and developed into Ocean Walk on September 27, 2012. At the time of DRH's purchase of the Ocean Walk property, Castle Harbor Drive was complete and in use. DRH does not presently know when or by whom it was constructed. Plaintiffs allege that

they constructed a turning lane to serve motorists turning from Hwy 17 onto Castle Harbor Drive.  Plaintiffs have not alleged when this turn lane was constructed, and it is presently unclear to DRH whether it was constructed before or after DRH purchased the Ocean Walk parcel.

Plaintiffs' maintain that under the Agreement, Wizman had the right to build Castle Harbor Drive and the associated turn lane should it choose to do so before Rose did, and that Wizman in turn had the right to be reimbursed for the costs of the same by Rose.  Plaintiffs allege that as successor to Wizman, and having built the turn lane, it is entitled to reimbursement for the costs of the same from DRH, as successor to Rose.

In connection with their Complaint against DRH, Plaintiffs have filed and caused to be recorded a Notice of *Lis Pendens* with the Horry County Registrar of Deeds at Deed Book 3693, Page 48 ("the Lis Pendens").  The Lis Pendens purports to encumber a 39.117 acres parcel of land which is, by the attached property description, composed of a 30.09 acre parcel (which is upon information and belief the parcel which DRH has now developed and subdivided into Ocean Walk) as well as three other parcels, of 3.08 acres, 2.28 acres, and 3.57 acres, respectively, which are upon information and belief owned by Plaintiffs. Docket Entry 1-1 at pp. 3-4.

The purpose of Plaintiffs' lawsuit is to collect the amount that it alleges DRH owes it under the Agreement.  To this end, Plaintiffs have alleged six causes of action, four of which seek recovery of the same reimbursement.  The First Cause of Action is not captioned nor expressly styled, but it is substantively a claim for breach of contract, seeking that the Court determine that Plaintiffs are entitled to

reimbursement from DRH and award it a judgment for the same. Docket Entry 1-1 at p. 9, ¶¶ 14-15. The Third Cause of Action essentially restates the first, but expressly alleges a breach of contract and seeks the same damages. Plaintiff have alleged two equitable claims, quantum meruit (styled as a Fourth Cause of Action but actually appearing fifth) and unjust enrichment (styled as a Fifth Cause of Action but actually appearing sixth).

Plaintiffs allege two other causes of action. The Second Cause of Action asks the Court to issue the very Lis Pendens that Plaintiffs have already recorded. Upon information and belief, no such cause of action exists, and it should be dismissed, as it does not assert a claim for relief. The Fourth of Cause of Action (so styled and appearing fourth in the Complaint), seeks injunctive relief prohibiting DRH from using the turn lane.

DRH moves the Court for an order cancelling the Lis Pendens on the grounds that it is not valid or lawful and it offers this memorandum in support of its motion.

## **ARGUMENT**

The filing of a lis pendens is a statutory construct. S.C. Code Ann. § 15-11-10 ("the Statute") authorizes the filing of a lis pendens in relevant part as follows:

> In an action affecting the title to real property the plaintiff … may file … a notice of the pendency of the action …

*Carolina Park Associates, LLC, v. Marino,* 732 S.E.2d 876, 880 (S.C. 2012). The use of the remedy provided under the lis pendens statute is strictly and narrowly confined. As stated in *Carolina Park:*

4

> Since the filing of a lis pendens is an extraordinary privilege granted by statute, strict compliance with the statutory provisions is required … Thus, a lis pendens is permitted only when the action actually "affect[s] the title to real property."

*Id., (quoting, Pond Place Partners, Inc., v. Poole,* 567 S.E.2d 881, 889-90 (S.C. Ct. App. 2002) (internal citations omitted). Where a lis pendens is filed in connection with a claim that does not affect title to real property, then the lis pendens is not authorized by statute and the Court is empowered to order that the lis pendens be cancelled. *Id.* At 880.

Therefore, the only question that the Court must consider in ruling on DRH's motion is whether one or more causes of action alleged in the Complaint in this action affects title to real property. Because none of the Plaintiffs' claims so affect title to the real property contained within Ocean Walk, the lis pendens is not authorized by statute and it should be cancelled.

Significantly, none of these causes of action purports to assert a lien or other claim against title to the Ocean Walk property or any portion thereof. It is not alleged anywhere in the Complaint that Plaintiffs are entitled to look to the real property at issue as security for the alleged amount owed. It is likewise not alleged that Plaintiffs have any claim of ownership or title, legal or equitable, in any portion of the real property. *See, e..g, Pond Place Partners,* 567 S.E.2d at 889-90 (listing claims properly giving rise to a notice of lis pendens including actions: (1) to set aside fraudulent conveyance of real property; (2) establish a constructive trust in land; (3) to quiet title; (4) to establish the existence of an easement; (5) to reform a deed in a boundary dispute; (6) for specific performance; and (7) for mortgage

5

foreclosure. Rather, Plaintiffs have asserted four causes of action for contract and equitable damages, personally against DRH, not the realty. They have asserted one claim for injunctive relief that does not concern the ownership or conveyance of any lot within Ocean Walk. And they have asserted a claim presumably asking the Court to endorse the *lis pendens* which, even if such a claim existed, could not logically form the basis for validating Plaintiffs' having already filed the same.

Because of none these action affects title to real property, and because the lis pendens is a statutory tool designed expressly and exclusively for giving notice of such an action, Plaintiffs' Notice of *Lis Pendens* is non-compliant with the terms of the Statute, and DRH is entitled to have it cancelled so that the purported encumbrance upon its real property is removed.

As an additional ground for cancellation of the lis pendens, the tract which it purports to encumber no longer exists. The former tract has been subdivided, as explained above and as partially illustrated by Exhibit A, into sixty-five lots, thirteen (13) of which were conveyed before the lis pendens was filed. Accordingly, the purported lis pendens is a nullity.

## CONCLUSION

For the foregoing reasons, the Notice of *Lis Pendens* should be ordered cancelled ans stricken and Plaintiffs' Second Cause Action should be dismissed.

Dated this 31st day of December, 2013.

        Respectfully submitted,

        OGLETREE, DEAKINS, NASH,
        SMOAK & STEWART, P.C.

        /s/W. Kyle Dillard
        W. Kyle Dillard, Fed. I. D. #7941

        Attorneys for Defendant D.R. Horton, Inc.

The Ogletree Building
300 North Main Street, Suite 500 (29601)
Post Office Box 2757
Greenville, SC  29602
864.271.1300
864.235.8806
Kyle.dillard@ogletreedeakins.com

16528094.1